IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Bonner, ) | |
| ) | Civil Action No. 8:07-1498-GRA-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Mildred L. Rivera, Warden ) | |
| FCI-Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a federal prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion to dismiss, or alternatively, for summary judgment. (Docket # 6.)[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on May 29, 2007. On July 31, 2007, the respondent filed a motion for summary judgment. By order filed August 1, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to respond to the motion. On August 27, 2007, the petitioner filed a response.

---

[1]Because the parties submitted, and the court considered, matters outside of the complaint, the respondent's motion has been treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b)("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....").

**FACTS**

The petitioner is currently incarcerated at the Federal Correctional Institution in Estill (FCI-Estill). He has a projected release date of August 23, 2011. On January 26, 1990, the petitioner was arrested on state burglary charges. On May 10, 1991, he was sentenced to ten years for the burglary. On December 4, 1992, the petitioner escaped from custody. On December 29, 1992, he was arrested by the Cobb County Police Department for another state burglary offense and the escape offense was discovered. The petitioner stayed in state custody to serve the remainder of the ten year state sentence imposed on his first burglary conviction, and on June 23, 1993, he was sentenced to two years for the escape charge.

On September 8, 1993, an indictment was filed in the United States District Court for the Northern District of Georgia for the offenses of concealing and storing a stolen firearm and conspiracy to commit an offense against the United States.[2] On March 25, 1994, the petitioner was temporarily transferred from the Georgia Department of Corrections ("GDOC") by the United States Marshals (USM) via a writ of habeas corpus ad prosequendum and sentenced to a 180-month term of federal imprisonment. Subsequently, the petitioner was returned to the GDOC.

On January 27, 1995, the petitioner was sentenced to five years in state court for the second burglary charge. This sentence began the day it was imposed, and the

---

[2]These charges apparently arose from the same conduct as the second state burglary. (See Pet. Ex. B at 2.)

2

petitioner was given 759 days credit for the time period December 29, 1992, through January 26, 1995.  On July 29, 1998, the petitioner was released from his state sentences into the sole custody of the Federal Bureau of Prisons ("BOP").  The petitioner's federal sentence commenced on July 29, 1998, and he has not received any jail credit for time served with the GDOC.

Previously, the petitioner filed a habeas petition with the federal sentencing court seeking a nunc pro tunc designation.[3]  On September 26, 2005, United States District Court Judge J. Owen Forrester of the Northern District of Georgia denied the petitioner relief based upon his failure to exhaust his administrative remedies.  Further, the court stated such a habeas petition would have to be filed in the district of confinement, South Carolina.  (Pet. Ex. B at 7.)  The petitioner then filed a request for nunc pro tunc designation with the Warden at FCI-Estill who forwarded the request to the BOP.  (Pet. Ex. A.)

On December 1, 2006, the BOP's Regional Director denied the petitioner's request noting only that the sentencing court had denied the petitioner's request to run the sentence concurrently.  The petitioner appealed and the National Inmate Appeals Administrator also denied the appeal on February 2, 2007.  (Pet. Attach. to Ex. A & B.)  In denying the petitioner's appeal, the National Inmate Appeals Administrator stated:

> Since you were sentenced first by the state, federal authorities were aware of your state term.  Armed with this knowledge, the federal sentencing court is authorized under United States

---

[3]"Nunc pro tunc" is a Latin phrase literally meaning "now for then."

> Sentencing guidelines § 5G1.3, to alter the manner in which a federal sentence is served in order to achieve a reasonable punishment for the offense. Despite this, the federal sentencing court did not elect to exercise its discretion to run the federal sentence concurrent to the state sentence you were serving. Also, on September 26, 2005, the U.S. District for the Northern District of Georgia denied your request for nunc pro tunc designation.
>
> The Bureau of Prisons is required, pursuant to <u>Barden v. Keohane</u>, to consider whether or not a nunc pro tunc designation of state prison for service of a federal sentence is warranted. No inmate is entitled to be granted such designation.
>
> Your sentence has been calculated as required by judicial precedent, federal statute, and Program Statement 5880.28, Sentence Computation manual - CCCA.
>
> Your appeal is denied.

(*Id.*)

In this habeas petition, the petitioner alleges he is entitled to a nunc pro tunc designation of his federal sentence because when he was sentenced in the state court for his second burglary offense in 1995, the state court ordered his state sentence to run concurrently with the federal sentence which had been imposed in 1994. The petitioner asserts the BOP has failed to properly determine he is entitled to a nunc pro tunc designation. He is seeking to have his two sentences run concurrently and an order that he be granted nunc pro tunc designation.

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved

4

for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient

5

to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

As stated above, the petitioner asserts the BOP has failed to properly determine he is entitled to a nunc pro tunc designation. He is seeking to have his two sentences run concurrently and an order that he be granted nunc pro tunc designation.

Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. Further, a federal sentence cannot commence before it is imposed, *United States v. Walker*, 98 F.3d 944, 945-46 (7th Cir.1996), and a district court has no power to award presentence credit. 18 U.S.C. ¶ 3585(b); *United States v. Wilson,* 503 U.S. 329, 333 (1992). In addition, pursuant to the provisions of 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times, such as the petitioner's state and federal sentences, run consecutively absent an affirmative order of the sentencing court that they

run concurrently.[4]

In *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002), the court explained that the sentencing court's authority under U.S.S.G. § 5G1.3 to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. *Id.* at 131-33.  Under § 5G1.3(b), if convictions arise from the same course of conduct, district courts may reduce the later sentence to account for the amount of time already served, on the prior, undischarged sentence, thus enabling the sentences to run concurrently and terminate at the same time. On the other hand, the credit that the BOP exclusively awards under § 3585(b) is for time served in detention prior to the date the federal sentence commences. *Id.*

Further, §3621(b) grants the BOP wide latitude in selecting the place of a federal prisoner's confinement.  The BOP has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which the petitioner served his state sentence, § 3621(b), and the BOP's decision to grant or deny nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. *Barden v. Keohane*, 921

---

[4]The circuits are split as to whether a federal court has the authority to order that the sentence it is imposing run concurrently with a state sentence that has not yet been imposed. *Compare Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000)(holding federal court lacks authority); *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998)(holding federal court lacks authority), *with United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995)(holding federal court has authority); *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir. 1993)(holding federal court has authority); *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991)(holding federal court has authority).  The Fourth Circuit has not ruled on this issue.

F.2d 476, 478 (3rd 1990). Further, the fact that the state sentencing judge may have directed that a state sentence run concurrently with a federal sentence has no bearing on when federal custody commences for purposes of determining the starting date of the federal sentence. *See Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir. 1992); *Coccimiglio v. DeRosa*, 2006 WL 1897269 (D.Ariz. 2006).

Under Program Statement 5160.05, a "designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." When presented with a nunc pro tunc request where "concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)," the Program Statement first requires that the BOP make an inquiry to the original federal sentencing court to ascertain the court's intent. While the federal sentencing court may express its views on the matter, the BOP cannot simply defer entirely to the will or the reasoning of the federal sentencing court when faced with an inmate's request for nunc pro tunc designation.

While the statute allows the BOP "to solicit the views of the sentencing judge," the judge's "decision is not controlling under the statute." *Barden,* 921 F.2d at 483; *see also Pub. Serv. Co. v. ICC*, 749 F.2d 753, 763 (D.C.Cir.1984) (noting that agencies exercising discretion under federal statutes with multi-factor tests must take each factor into account and cannot "select any one factor as controlling"). It is appropriate for the BOP to consider, along with other factors, the sentencing court's intent. 18 U.S.C. § 3621(b)(listing factors BOP should consider in determining place of imprisonment); BOP Program Statement

5160.05.

In *Trowell v. Beeler*, 2005 WL 1181858 (4th Cir. 2005) (unpublished), an inmate requested nunc pro tunc designation which the BOP initially indicated it was inclined to grant but that it first would seek the consent of the sentencing court. *Trowell*, 2005 WL 1181858, at *1. The sentencing court objected to the designation request and the BOP then wrote the inmate informing him that his designation request was denied based on the court's objection. *Id.* Upon review, the Fourth Circuit stated that the "BOP abdicated its statutory responsibility to bring its independent judgment to bear on the matter. As a result, the BOP's denial of nunc pro tunc designation request was arbitrary and capricious and the agency necessarily abused its discretion." *Id.* at *3. The Fourth Circuit noted specifically that when an inmate submits a request for nunc pro tunc designation, the "BOP may not simply defer to the expressed views of the federal sentencing court; rather, BOP must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court." *Id.* at *4. Thus, the view or consent of the sentencing court is not the determinative factor, but merely one of several factors that the BOP must consider under § 3621(b) in evaluating a request for nunc pro tunc designation.

Here, however, part of the BOP's basis for denying the request for nunc pro tunc designation, was that the federal sentencing court had denied the petitioner nunc pro tunc designation. Based on the record before this court, this assumption appear to be incorrect. The federal sentencing judge declined to address the merits of the petitioner's petition for nunc pro tunc designation because the petitioner had failed to exhaust his administrative

9

remedies. (Pet. Ex. B.) Additionally, in its decision denying the petitioner nunc pro tunc designation, the BOP stated that the plaintiff had been sentenced first by the state. However, at the time the federal sentence was imposed, the petitioner had not been sentenced on the second state charge of burglary which arose from the same conduct as the federal offense. (*Id*. at 2.) The confusion appears to come from the fact that the plaintiff was serving a state burglary sentence on unrelated charges when he was sentenced by the federal court. However, the state sentenced the plaintiff on related burglary charges *after* the federal sentence had been imposed. *See Dunn v. Sanders*, 247 Fed.Appx. 853 (8th Cir. 2007)(finding error where the BOP relied on evidence addressing whether the federal sentence was to run consecutively to an already-imposed state sentence and not the federal sentencing court's intent as the yet to be imposed state sentence).

Under the statute and the BOP's regulations, the petitioner is entitled to "fair treatment" on his application for nunc pro tunc designation of the state facility as a place of confinement for his federal sentence. *Barden*, 921 F.2d at 483 (citations omitted). The BOP's basis for denying the petitioner's request for nunc pro tunc designation appears to be based, at least in part, on incorrect information regarding the state sentences. Further, there is no evidence that the intent of the sentencing judge was reviewed as his order denying the petitioner relief was based upon the failure of the petitioner to exhaust his administrative remedies and not the merits. Therefore, the decision of the BOP was based upon inaccurate information. Based upon this, the undersigned finds that the petition for a writ of habeas corpus should be granted for the limited purpose of reconsideration of the petitioner's request for nunc pro tunc designation. *Palacio v. Nash*, 2006 WL 1128711

(D.N.J. 2006). Accordingly, this matter should be remanded to the BOP for a reconsideration of the petitioner's nunc pro tunc request in accordance with § 3621(b) and Program Statement 5160.05.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that the Respondent's Motion for Summary Judgment be DENIED.

Further, it is RECOMMENDED that if this Report is adopted, the District Court should order the BOP to reconsider the petitioner's petition for nunc pro tunc designation pursuant to 18 U.S.C. § 3621(b) and Program Statement 5160.05 within thirty days.

IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

January 30, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).