UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| William Bonner, | ) | C/A No.: 8:07-cv-1498-GRA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Mildred L. Rivera, Warden FCI-Estill, | ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

This matter comes before the Court on the petitioner's Motion for Reconsideration pursuant to Rule 60(b)(3). The petitioner asks the Court to reconsider its February 29, 2008 Order. The petitioner brought this case in accordance with 28 U.S.C. § 2241, challenging the Bureau of Prison's (BOP) denial of his request for a *nunc pro tunc* designation on May 29, 2007. The respondent filed a Motion for Summary Judgment on July 31, 2007. On August 1, 2007, the Court issued an Order pursuant to *Rosboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising the petitioner of the summary dismissal procedure and the consequences of a failure to respond. On August 27, 2007, the petitioner responded. The magistrate recommended denying the respondent's motion and remanding this case back to the Bureau of Prisons (BOP) to reconsider the petitioner's motion for a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b) and Program Statement 5160.05 within thirty days because the BOP potentially relied on inaccurate information when it denied the petitioner *nunc pro tunc*

request. This Court agreed, issuing an Order of Remand on February 29, 2008. On March 17, 2008, the BOP denied the Petitioner's motion for *nunc pro tunc* status in an advisory letter explaining the denial of his claim.

## Standard of Review

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## History

The petitioner is currently incarcerated at the Federal Correctional Institution in Estill ("FCI- Estill"). He has a projected release date of August 23, 2011. On January 26, 1990, the petitioner was arrested on state burglary charges and sentenced to ten years for the burglary on May 10, 1991. The petitioner escaped from custody on December 4, 1992. On December 29, 1992, he was arrested by the Cobb County Police Department for another state burglary ("State Burglary II") offense and the escape offense was discovered. The petitioner stayed in state custody to serve the remainder of the ten-year state sentence imposed on his first burglary conviction. Additionally, on June 23, 1993 the petitioner was sentenced to two years for the escape charge. On September 8, 1993, an indictment was filed in the United for the

Northern District of Georgia for the offenses of concealing and storing a stolen firearm and conspiracy to commit an offense against the United States. On March 25, 1994, the petitioner was temporarily transferred from the Georgia Department of Corrections ("GDOC") by the United States Marshals ("USM") via a *writ of habeas corpus ad prosequendum* and sentenced to a 180-month term of federal imprisonment. Subsequently, the petitioner was returned to the GDOC. On January 27, 1995, the petitioner was sentenced to five years in state court for the second burglary charge. This sentence began the day it was imposed, and the petitioner was given 759 days credit for the time period of December 29, 1992 through January 26, 1995. Thus the petitioner's subsequent state conviction for burglary was absorbed by his earlier convictions. On July 29, 1998, the petitioner was released from his state sentences and into the sole custody of the Federal Bureau of Prisons ("BOP"). The petitioner's federal sentence commenced on July 29, 1998. The petitioner asserts the BOP has failed to properly determine that he is entitled to a *nunc pro tunc* designation. He argues that his federal sentence should run concurrent to his state sentence, and that he be granted *nunc pro tunc* designation.

## Discussion

The petitioner's motion for reconsideration is improper for two reasons. First, a motion for reconsideration is not the proper mechanism by which to challenge the determination of the Bureau of Prisons. In his motion, the petitioner is not asking this Court to reconsider its February 29, 2008 order, but instead is asking the Court to

review the Bureau of Prison's determination that his sentences were not to run concurrently.  Thus, this motion is improperly brought under Rule 60.

Second, to the extent that this motion seeks review of the BOP's determination pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992).  Moreover 18 U.S.C. § 3584(b) provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  The fact that the state sentencing judge may have directed that a state sentence run concurrently with a federal sentence has no bearing on when federal custody commences for purposes of determining the starting date of the federal sentence. *See Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir. 1992); *Coccimiglio v. DeRosa*, 2006 WL 1897269 (D.Ariz. 2006).

In this instance, the BOP did not abuse its discretion in determining that the petitioner was not entitled to concurrent sentencing.  In effect, what the petitioner is seeking for his federal sentence to run concurrently with his State Burglary II offense, which ran concurrently with his preexisting state sentences.  As the BOP notes, there is nothing in the record that suggests that the sentencing judge ordered that his federal sentence run concurrently with any of his sentences, much less all of them.  Accordingly, the petitioner's motion is without merit.

For the forgoing reasons, the petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
February 11 , 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.